IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:19-cr-00053

DERRICK J. MITCHELL,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's *Motion for a Sentence Reduction Based on Changes in the Sentencing Guidelines Under Criminal History Enhancement and Request Counsel to Represent Me* (Document 46), brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require

that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Finding that the Defendant is ineligible for relief, the Defendant's motion for appointment of counsel should be denied and the Court has not directed the parties to submit responses.

The Defendant was convicted, via guilty plea, of Distribution of a Quantity of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and of Felon in Possession of a Firearm, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   The Court calculated a Guideline range of 140 to 175 months, based on a total offense level of 29 and a criminal history category of V.   The Court imposed a below-guideline sentence of 96 months on both counts, to run concurrently.   The Defendant had nine criminal history points, and two additional points were added because the offense was committed while he was on parole.

Following implementation of Amendment 821, the Defendant would receive only one status point, for a total of 10 criminal history points.   His criminal history category would remain V.   Because his Guideline range of 140 to 175 months is not impacted by the changes in Amendment 821, the Court finds that the Defendant is not eligible for relief.   Furthermore, because the Defendant received a below-Guideline sentence, he would remain ineligible even if his criminal history category was reduced to IV.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for a Sentence Reduction Based on Changes in the Sentencing Guidelines*

*Under Criminal History Enhancement and Request Counsel to Represent Me* (Document 46) be **DENIED**, that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on September 12, 2019, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: January 17, 2024

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA